IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:08cv242 |
| ) | Electronic Filing |
| CHARLES LAMBIE, individually and ) | |
| as the elected Constable of Wharton ) | |
| Township, RUTH A. LAMBIE, ) | |
| individually, and LORI PRITTS, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Lynn Morrison ("Morrison") commenced this civil rights action pursuant to 42 U.S.C. § 1983 seeking redress for her alleged unlawful arrest. Morrison avers that Defendant Charles A. Lambie, in his capacity as an elected Constable of Wharton Township ("Constable Lambie"), violated her rights under the United States and Pennsylvania Constitutions by improperly arresting, assaulting and imprisoning her. Complaint at ¶ 10. She seeks to establish violations under the First, Fourth and Fourteenth Amendments as well as various related state law claims. Presently before the court are Constable Lambie and Defendant Ruth A. Lambie's ("Ruth Lambie") motions to dismiss. Both defendants contend the complaint fails to state a claim upon which relief can be granted. Constable Lambie also invokes qualified immunity. For the reasons set forth below, the motions will be denied.

It is well settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the

material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint taken as a whole must be grounded in enough of a factual basis to raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." Id. at 563 n. 8 (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (interpreting Conley "appears beyond doubt" standard as consistent with the established rule that a complaint will be deemed to rest on sufficient grounds if it adequately puts the defendant on notice of the essential elements of a cause of action) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

This is not to be understood as imposing a probability standard at the pleading stage. Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id.; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

The defendants are related. Constable Lambie and Defendant Lori Pritts ("Pritts") are brother and sister. Ruth Lambie is married to Constable Lambie and thus is Lori Pritts' sister-in-law. Complaint at ¶ 18.

For a period in excess of twenty (20) years prior to December 2006, Morrison and Pritts were close friends. Complaint at ¶ 12. In December of 2006, Morrison and Pritts had a "personal falling out." Complaint at ¶ 13. At some time prior to September 13, 2007, a bench

2

warrant was issued for Morrison by the Honorable Judge Steve P. Leskinen of the Fayette County Court of Common Pleas. Complaint at ¶ 16.

In 2007, Pritts was employed as a guard with the Fayette County Jail. Complaint at ¶ 15. In the course of her employment she became aware of the bench warrant issued for Morrison. However, on September 13, 2007, the warrant was lifted by Judge Leskinen. Complaint at ¶ 17.

At some point prior to January 4, 2008, Pritts contacted her brother and sister-in-law and advised them about the bench warrant and her intent to locate Morrison so Constable Lambie could arrest her. Complaint at ¶ 18-19. Pritts obtained Morrison's daughter's telephone number by accessing Fayette County Jail records and obtained Morrison's address after speaking with her daughter. Complaint at ¶ 22. Pritts then advised Constable Lambie and Ruth Lambie of Morrison's location. Complaint at ¶¶ 20-22.

Without verifying the existence of the bench warrant, Constable Lambie, Ruth Lambie and Pritts traveled to Morrison's residence at approximately 9:30 p.m. on the evening of Friday, January 4, 2008. Complaint at ¶ ¶ 26, 28, 54. Constable Lambie was in uniform. Complaint at ¶ 30. Ruth Lambie approached Morrison's door while Constable Lambie parked the marked Constable vehicle a few blocks away. Complaint at ¶ 28. Ruth Lambie then knocked on the door. Complaint at ¶ 28. When Morrison answered Constable Lambie appeared around the corner of Morrison's house and told her he had a warrant for her arrest. Complaint at ¶ 29. Constable Lambie displayed a rolled-up piece of paper in his hand, which he identified as the warrant. Complaint at ¶ 32. Constable and Ruth Lambie entered Morrison's residence. Complaint at ¶ 33.

While inside Morrison's residence, Constable Lambie reiterated that he possessed a warrant for her arrest. Complaint at ¶ 37. Morrison requested to see the warrant repeatedly and told Constable and Ruth Lambie that there was no warrant for her arrest. Complaint at ¶¶ 39-40. Constable Lambie arrested Morrison and advised her that he would have to put handcuffs on her. Complaint at ¶ 43. She asked if that was necessary. Complaint at ¶ 43. Constable Lambie stated

that it was. Complaint at ¶ 43. Constable Lambie placed Morrison in handcuffs and escorted her down the street to the marked vehicle. Complaint at ¶¶ at 47-49. Constable Lambie and Ruth Lambie drove Morrison to the Fayette County Jail, whereupon an unidentified official at the Jail instructed defendants that a valid warrant for Morrison's arrest did not exist. Complaint at ¶¶ 50-52. Morrison was then released.

Constable Lambie asserts that he is entitled to dismissal because the complaint fails to plead that Morrison was unlawfully seized under the Fourth Amendment. Specifically, he asserts that the allegations cannot support a claim for arrest without probable cause, and he is entitled to qualified immunity in any event. Proceeding pro se, Ruth Lambie contends that dismissal is warranted because the allegations against her are unfounded and thus frivolous. Specifically, she asserts she did not act in concert with the other defendants and accompanied Constable Lambie on January 4, 2008, only for the purpose of having another female present at the scene. In addition, plaintiff has failed to join some unidentified party who is indispensable under Rule 19.

Plaintiff maintains that the elements of a § 1983 action have been adequately set forth. In addition, the circumstances surrounding her arrest are sufficient to defeat Constable Lambie's qualified immunity challenge at the pleading stage.

In general, § 1983 does not itself create substantive rights, but instead provides a vehicle for vindicating a violation of a federal right. Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). A cause of action under § 1983 has two elements: a plaintiff must prove (1) a violation of a right, privilege or immunity secured by the constitution and laws of the United States (2) that was committed by a person acting under color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997); Berg v. Cty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) ("The Plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." ) (citing Groman, 47 F.3d at 633)).

Here, it cannot be disputed that Constable Lambie acted under color of law. He is alleged

4

to have been in uniform when he arrested and transported Morrison to the Jail.

Second,"the exact contours of the underlying right said to have been violated" must be determined. Berg, 219 F.3d at 268 (citing City of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998). Morrison alleges that she was subjected to false arrest, assault and imprisonment, in violation of among other things the Fourth Amendment. An analysis of a Fourth Amendment claim is guided by a three-step analysis: whether there was a seizure within the meaning of the Fourth Amendment; whether any such seizure was reasonable under the Fourth Amendment; and, if not, whether the defendant can be found liable for the unreasonable seizure. Id. at 269.

The Fourth Amendment right provides the right "to be secure…against unreasonable…seizures…" A person is seized within the meaning of the Fourth Amendment "only if he is detained by means intentionally applied to terminate his freedom of movement." Id. Morrison's arrest constituted a seizure under the Fourth Amendment. Constable Lambie knew he was arresting Morrison and intended to detain her. Thus, there was a seizure governed by the Fourth Amendment.

The Fourth Amendment prohibits an arrest of a citizen except upon probable cause. Rogers v. Powell, 120 F.3d 446, 452 (3d Cir. 1997) (citing Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995) (citing Papachristou v. City of Jacksonville, 405 U.S. 156 (1972)). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Rogers, 120 F.3d at 453 (citing Orsatti, 71 F.3d at 483).

Constable Lambie asserts that the complaint fails to show that he seized Morrison without probable cause for two reasons. First, he was entitled to rely on the bench warrant issued by Judge Leskinen to effectuate her arrest. Second, he further asserts that reliance on a fellow officer's knowledge of a warrant's existence was sufficient as recognized by the Third Circuit in Rogers.

It is well settled that "[t]he Fourth Amendment prohibits arrests without probable cause" and even a facially valid but "erroneously issued warrant cannot provide probable cause for an arrest." Berg, 219 F.3d at 270 (citing Whiteley v. Warden, 401 U.S. 560, 568 (1971)). Likewise, a good faith mistake in executing a warrant cannot provide probable cause for an arrest. Id. (citing United States v. Hensley, 469 U.S. 221, 232 (1985)). And an arrest based on a good faith but mistaken belief that a warrant exists lacks probable cause and violates the Fourth Amendment. Id. at 271 (citing Rogers, 120 F.3d at 453). Thus, the fact that Judge Leskinen had issued a warrant for Morrison's arrest at some point in the past does not supply the probable cause needed for the arrest on January 4, 2008.

Furthermore, in Rogers the Third Circuit held that the legality of a seizure based solely on statements issued by fellow officers depends upon whether the officers making the statements possess probable cause to make the arrest. Id. at 453. It further explained that "statements by fellow officers conveying that there is probable cause for a person's arrest, by themselves, cannot provide the 'facts and circumstances' necessary to support a finding of probable cause." Id. Instead, a seizure based on such statements is lawful "only if the statements made by fellow officers are supported by actual facts that satisfy the probable cause standard in United States v. Hensley, 469 U.S. 221 (1985)." Rogers, 120 F.3d at 453 (quoting in support Hensley, 469 U.S. at 231 (the lawfulness of a seizure based on fellow officers' statements "[t]urns on whether the officers who issued the [statements] possessed probable cause to make the arrest.").

It is apparent that Pritts did not have knowledge of facts and circumstances necessary to support a finding of probable cause. That Judge Leskinen once issued a warrant and then withdrew it close to four months prior to January 4, 2008, cannot supply probable cause for the arrest. Nor can any inference be drawn from the remaining allegations that probable cause existed on that date. Consequently, the complaint sufficiently alleges that the seizure of Morrison was without probable cause and in violation of the Fourth Amendment. Berg, 219 F.3d 271.

The third requirement is also satisfied. "Absent immunity or an adequate defense, a person who, acting under color of state law, directly and intentionally applies the means by which another is seized in violation of the Fourth Amendment can be held liable under §1983." Berg, 219 F.3d at 272. Constable Lambie arrested Morrison under color of law and thus is a proper defendant under § 1983.

Constable Lambie seeks to avail himself of qualified immunity on all counts. Qualified immunity shields "government officials performing discretionary functions...from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Rogers, 120 F.3d at 454 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "A defendant has the burden to establish that he is entitled to qualified immunity." Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court established a two-part test to determine whether a defendant is entitled to qualified immunity. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. If no constitutional right was violated, "the qualified immunity inquiry is at an end; the officer is entitled to immunity." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002). If, however, the facts read in the light most favorable to the plaintiff show a violation of a constitutional right, the analysis proceeds to the second step: "whether the right was clearly established... in light of the specific context of the case, not as a broad general proposition." Saucier, 533 U.S. at 201. A right is clearly established in the particular context if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. However, if it was not clear "to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity." Kopec, 361 F.3d at 776.

Constable Lambie's attempt to invoke the shield of qualified immunity based on the

information provided by Pritts falls short of the mark. The Third Circuit has "generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there is a valid warrant." Berg, 219 F.3d at 273 (collecting cases in support). It likewise has held, however, that an arrest based on an erroneous belief that probable cause exists " does not render an officer immune from suit if his reliance on [the source(s) of information informing that belief was] unreasonable in light of the relevant circumstances." Id. "Such circumstances include, but are not limited to, other information that the officer possesses or to which he has reasonable access, and whether failing to make an immediate arrest creates a public threat or danger of flight." Id. (collecting cases in support).

Constable Lambie has not demonstrated or cited any authority to support the proposition that information from an employee of a county jail is a proper source for application of "the fellow officer rule" and plaintiff has made forceful arguments to the contrary. Furthermore, he obtained the information from his sister, an individual who had a close relationship with Morrison for over twenty years. The two had a "falling out" prior to the time in question. The warrant had been withdrawn for close to four months prior to the arrest. Thus, a reasonable inference arises that Pritts saw the warrant months before the decision was made to go to Morrison's house on a Friday night and arrest her. It is also reasonable to infer that Constable Lambie did not check the accuracy of Pritts' information through any reliable source at any time close to the arrest. The arrest was made in Morrison's residence at her known address. There is no allegation that suggests she posed any public threat or danger of flight. Given these circumstances Constable Lambie has not carried his burden of proving that a reasonable officer would have believed his conduct was lawful under the circumstances that confronted him.[1]

---

[1]Ruth Lambie's motion to dismiss fails for substantially similar reasons. In order to demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir.1993). The facts plead and the reasonable inferences to be drawn from them give rise to a reasonable expectation that discovery may produce sufficient evidence to support a civil conspiracy claim against both

Finally, Constable Lambie's attempt to find solace in the Supreme Court's recent decision in Herring v. United States, – U.S. – , 129 S. Ct. 695 (2009), is misplaced.[2] The Court's decision was limited to whether the exclusionary rule should apply where the arresting officer had a good faith belief as to the lawfulness of an arrest and ensuing search based on a recalled warrant that had not been removed from the county database. In framing the issues the Court made clear in the opening paragraph of its opinion that: "[t]he parties here agree that the ensuing arrest is still a violation of the Fourth Amendment." Its teachings on when suppression is appropriate under such circumstances have no bearing on whether an individual's Fourth Amendment rights have been violated. The Third Circuit acknowledged this very point in Berg, when the court considered the impact of the good faith exception to suppression in its analysis of whether an actionable § 1983 for a Fourth Amendment violation may still be maintained. It observed:

> In Arizona v. Evans, 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995), the Court held that the policies underlying the exclusionary rule do not require suppression of evidence seized pursuant to an erroneous warrant resulting from a clerical error. But the Court also noted that Whiteley "clearly retains relevance in determining whether police officers have violated the Fourth Amendment." Id. at 13, 115 S.Ct. 1185. Thus, the Supreme Court has made clear that a mistakenly issued or executed warrant cannot provide probable cause for an arrest.

Berg, 219 F.3d at 270. Thus, Herring does not eliminate the Fourth Amendment violation set forth in Morrison's complaint.

Furthermore, the Herring Court's confirmation that the exclusionary rule does not apply where an officer acted on a good faith belief that a warrant still existed, and that belief was based solely on the isolated negligence of a clerical employee rather than systematic error or reckless

---

private actor defendants. Thus, the contentions that the allegations are unfounded, frivolous, or otherwise actionable only if some other party is present are unavailing.

[2]The impact of Herring on the issues currently under consideration has been raised through Constable Lambie's pending motion to submit a supplemental brief. The court has considered the implications of Herring in the discussion that follows.

9

disregard of constitutional requirements, does nothing to discharge Constable Lambie's burden of showing that his actions comported with what a reasonable officer would objectively believe was required by the Fourth Amendment under all the attendant circumstances. Consequently, Herring does not advance his request for qualified immunity.[3]

For the reasons set forth above, Constable Lambie's Motion to Dismiss must be denied. An appropriate order will follow.

Date: March 12, 2009

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Charity G. Krupa, Esquire
       P. O. Box 622
       Smithfield, PA 15478

       Jeffrey M. Olszewski, Esquire
       Cipriani & Werner, PC
       Suite 700
       650 Washington Road
       Pittsburgh, PA 15228

       Ruth A. Lambie
       P. O. Box 102
       Chalkhill, PA 15421

---

[3] The remaining grounds raised in support of dismissal and the alternative request for a more definite statement are without legal merit and do not warrant further discussion.